PRINS v MICHIGAN STATE POLICE

Docket No. 293251. Submitted November 3, 2010, at Lansing. Decided February 15, 2011, at 9:00 a.m.

Nancy A. Prins brought an action in the Ionia Circuit Court against the Michigan State Police and David Fedewa, an agent of the state police, asserting a violation of the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, occurred when defendants denied her request for records regarding a traffic stop. Defendants moved for summary disposition on the ground that the 180-day period of limitation had expired, barring plaintiff's action. The court, Suzanne Hoseth-Kreeger, J., agreed with defendants that the period of limitation began running the date defendants wrote the letter denying plaintiff's request, not the date the letter was mailed, and that the suit was untimely. Plaintiff appealed.

The Court of Appeals *held*:

MCL 15.235(2)(b) requires that a public body respond to a request for public records either by granting it or by issuing a written notice to the requesting person denying the request. If a public body denies a request for information, under MCL 15.240(1)(b) the requesting person may commence an action in the circuit court to compel the public body's disclosure of the public records within 180 days after a public body's determination to deny a request. The public body must undertake an affirmative step reasonably calculated to bring the denial notice to the attention of the requesting party; merely creating a document denying a record request is insufficient to start the running of the 180-day time limit. The trial court erred in concluding that the period of limitation began running when the denial letter was written. The 180-day period began on the date the letter was mailed, and plaintiff's suit was therefore timely.

Reversed.

LIMITATION OF ACTIONS — FREEDOM OF INFORMATION ACT — PERIODS OF LIMITATIONS — COMMENCEMENT.

The Freedom of Information Act requires that a public body respond to a request for public records either by granting it or by issuing a written notice to the requesting person denying the request; if a

public body denies a request for information, the requesting person may commence an action in the circuit court to compel the public body's disclosure of the public records within 180 days after a public body's determination to deny a request; the public body must undertake an affirmative step reasonably calculated to bring the denial notice to the attention of the requesting party; merely creating a document denying a record request is insufficient to start the running of the 180-day time limit (MCL 15.235[2][b], 15.240[1][b]).

*Bruce A. Lincoln* for Nancy Ann Prins.

*Bill Schuette*, Attorney General, *B. Eric Restuccia*, Solicitor General, and *Thomas Quasarano*, Assistant Attorney General, for the Michigan State Police.

Before: CAVANAGH, P.J., and HOEKSTRA and GLEICHER, JJ.

GLEICHER, J. In this case arising under Michigan's Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, we consider how to calculate the time limit for filing a circuit court action after a public body has denied access to a public record. The precise issue presented is whether the 180-day period of limitation begins to run when a public body writes a letter denying access to information, or when the public body places the denial letter in the mail. We hold that mailing triggers the running of the 180-day period of limitation, and reverse the circuit court's grant of summary disposition to defendants.

On May 4, 2008, Michigan State Police trooper James Yeager stopped a vehicle driven by plaintiff Nancy Prins. Trooper Yeager issued Prins's passenger, Jack Elliott, a citation for not wearing a seat belt. In a letter dated July 22, 2008, Prins submitted a FOIA request to the state police seeking, among other things, "[a]ny recording or other electronic media taken by Trooper

James Yeager (officer no 987) on May 4th, 2008 between the hours of 10:00 am to 12:00 pm of me while traveling upon Morrison Lake Rd and Grand River Rd, within Boston Twp., Ionia County, Michigan." In a letter dated July 26, 2008, a Saturday, the state police denied Prins's request, explaining, "Any in car video that may have existed is no longer available. Only kept 30 days [and] reused." The envelope enclosing the letter to Prins bore a postmark of July 29, 2008, a Tuesday.

On October 29, 2008, Elliott appeared at a hearing to contest his seat belt citation, and the prosecutor produced the videotape depicting the May 4, 2008, traffic stop. On January 26, 2009, Prins filed in the Ionia Circuit Court a complaint seeking damages for defendants' violation of the FOIA.[1] The state police moved for summary disposition on the ground that the applicable period of limitation, MCL 15.240(1)(b), barred Prins's FOIA action. The state police asserted that the 180-day period began to run on July 26, 2008, the date the police authored the denial letter, and that Prins untimely filed her complaint 184 days later. Prins countered that the act of mailing the denial letter triggered the 180-day time limit, rendering her complaint timely.[2] In a bench opinion, the circuit court granted defendants summary disposition.

---

[1] The FOIA contemplates that "[i]f a person asserting the right to" access a public record "prevails in an action commenced under this section," the court "shall award reasonable attorneys' fees, costs, and disbursements." MCL 15.240(6). If the court determines that "the public body has arbitrarily and capriciously" violated the FOIA, "the court shall award, in addition to any actual or compensatory damages, punitive damages in the amount of $500.00 to the person seeking the right to inspect or receive a copy of a public record." MCL 15.240(7).

[2] Prins filed her complaint 181 days after the postmarked date of July 29, 2008. But because the 180th day fell on a Sunday, we consider Prins's complaint to have been filed within 180 days. MCR 1.108(1).

We review de novo the circuit court's summary-disposition ruling. *Gillie v Genesee Co Treasurer*, 277 Mich App 333, 344; 745 NW2d 137 (2007). A court may grant summary disposition under MCR 2.116(C)(7) when a period of limitation bars a claim. "Whether a period of limitations applies to preclude a party's pursuit of an action constitutes a question of law that we review de novo." *Detroit v 19675 Hasse*, 258 Mich App 438, 444; 671 NW2d 150 (2003). The burden of proving that a claim is time-barred rests on the party asserting the defense. *Kuebler v Equitable Life Assurance Society of the United States*, 219 Mich App 1, 5; 555 NW2d 496 (1996).

We also review de novo legal issues of statutory construction. *In re Petition of Attorney General for Investigative Subpoenas*, 282 Mich App 585, 590; 766 NW2d 675 (2009). "Well-established principles guide this Court's statutory construction efforts." *Bloomfield Charter Twp v Oakland Co Clerk*, 253 Mich App 1, 10; 654 NW2d 610 (2002). We begin by examining the specific statutory language under consideration, bearing in mind that

> [w]hen faced with questions of statutory interpretation, our obligation is to discern and give effect to the Legislature's intent as expressed in the words of the statute. We give the words of a statute their plain and ordinary meaning, looking outside the statute to ascertain the Legislature's intent only if the statutory language is ambiguous. Where the language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written. [*Id.* (citations and quotation marks omitted).]

When ascertaining legislative intent, we read the entire act and interpret a particular word in one statutory section only "after due consideration of every other

section so as to produce, if possible, a harmonious and consistent enactment as a whole." *Grand Rapids v Crocker*, 219 Mich 178, 182-183; 189 NW 221 (1922). This Court considers both the plain meaning of critical words or phrases comprising the statute and their placement and purpose in the statutory scheme. *People v Blunt*, 282 Mich App 81, 84; 761 NW2d 427 (2009).

Two relevant subsections of the FOIA control our analysis. The first establishes that "[a] written notice denying a request for a public record in whole or in part is a public body's final determination to deny the request or portion of that request." MCL 15.235(4). The second states that if a public body denies a request for information, the requesting person may "[c]ommence an action in the circuit court to compel the public body's disclosure of the public records within 180 days after a public body's determination to deny a request." MCL 15.240(1)(b). The state police assert that the 180-day period of limitation commences on the date a public body writes a denial letter. Prins counters that the denial of a request encompasses both writing a letter *and* taking reasonable steps to communicate the denial to the requesting party.

Read in isolation, MCL 15.240(1)(b) appears to suggest that the 180-day period commences with "a public body's final determination to deny a request." But to ascertain the Legislature's intent, we must construe the FOIA as a whole, harmonizing its provisions. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 209; 501 NW2d 76 (1993). The FOIA commands that a public body respond to a request for public records either by granting it, or by "[*i*]*ssuing* a written notice to the requesting person denying the request." MCL 15.235(2)(b) (emphasis added). Black's Law Dictionary (7th ed), p 836, sets forth the following pertinent

definitions of the term "issue": "To be put forth officially[.] . . . To send out or distribute officially[.]" *Webster's New World Dictionary, Second College Edition* (1970), defines "issue," in relevant part, as "to let out; discharge[;] — to publish; put forth and circulate; give out publically or officially."

These definitions imply that a public body cannot fulfill its statutory obligation to issue a notice merely by creating a document denying a record request. Rather, the Legislature intended that the public body undertake an affirmative step reasonably calculated to bring the denial notice to the attention of the requesting party. Thus, a public body has not satisfied the statute's notice requirement until it "sends out" or officially circulates its denial of a public record request. This construction of the FOIA prevents a public body's inadvertent failure to timely mail a denial letter from unduly shortening the 180-day period of limitation. Because the FOIA mandated that the state police transmit its July 26, 2008, letter to Prins, we hold that the denial of her request occurred on July 29, 2008, when the state police issued the denial by placing it in the mail. Prins had 180 days from July 29, 2008, to commence a circuit court action, and thus her lawsuit qualified as timely filed. Consequently, we reverse the circuit court's grant of summary disposition to defendants, and remand for further proceedings.

We lastly note the state police's appellate contention that the circuit court should have granted summary disposition on an alternate ground. The state police maintains that Prins did not timely respond to its demand for a reply to the affirmative defenses set forth in its answer, as mandated by MCR 2.110(B)(5). According to the state police, the circuit court should have deemed the affirmative defenses admitted. However, we

reject the state police's reading of the relevant court rules, on the basis of the following pertinent analysis of this Court in *McCracken v Detroit*, 291 Mich App 522, 528-529; 806 NW2d 337 (2011):

> Based on the plain language of the court rules defining pleadings and responsive pleadings, plaintiffs were not required to respond to defendants' affirmative defenses, even though defendants demanded a response in them. MCR 2.110(B) exclusively defines pleadings requiring a response and affirmative defenses are not included. Accordingly, plaintiffs' failure to file a response to defendants' affirmative defenses did not amount to a concession regarding the truth of the affirmative defenses under MCR 2.111(E)(1). Alternatively stated, *defendants' affirmative defenses demanding a response are not pleadings requiring a response, and the trial court should have taken them as denied.* [Emphasis added.]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.