# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 25, 2012

6/December 2011

142841

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

NANCY ANN PRINS,
            Plaintiff-Appellee,

v

MICHIGAN STATE POLICE,
            Defendant-Appellant,
and

DAVID FEDEWA,
            Defendant.

_____/

SC:  142841
COA: 293251
Ionia CC: 2009-026799-NZ

On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we VACATE our order of June 29, 2011.  The application for leave to appeal the February 15, 2011 judgment of the Court of Appeals is DENIED, because we are no longer persuaded that the questions presented should be reviewed by this Court.

YOUNG, C.J. (*dissenting*).

I respectfully dissent from this Court's order.  MCL 15.240(1) requires a plaintiff suing under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.,* to file her complaint within 180 days of the public body's "final determination."  Pursuant to MCL 15.235, the complaint must be filed within 180 days of the day on which the notice is created or within 180 days of when the public body fails to respond to the request.  In this case, Nancy Prins did not file her complaint within 180 days of the determination by the Michigan State Police (MSP) to deny her request for a public record.  Accordingly, Prins's complaint was not timely filed.  I would therefore reverse the judgment of the Court of Appeals and reinstate the circuit court's grant of summary disposition to defendants.

On May 4, 2008, Michigan State Police Trooper James Yeager pulled Prins over. The trooper issued Prins's passenger, Jack Elliott, a ticket for not wearing a seat belt. On July 22, 2008, Prins submitted a request to MSP under the FOIA. Prins requested a copy of the video from the traffic stop. On Saturday July 26, 2008, MSP issued a written notice in response to Prins's request. MSP mistakenly stated in the notice that the video no longer existed. The notice was postmarked July 29, 2008. On October 28, 2008, Trooper Yeager produced the video from the traffic stop at Elliott's formal hearing.

Prins filed suit against MSP and MSP Assistant Freedom of Information Coordinator David Fedewa on January 26, 2009. January 26, 2009, was 184 days after the date on which MSP denied Prins's request and 181 days after the notice was postmarked. If the statute of limitations applies to the date of postmark as the Court of Appeals held, then the last day of the period would have been a Sunday. MCR 1.108(1) does not count the last day of the period if it falls on a Sunday.[1] Thus, if the statute of limitations applies to the date of postmark, plaintiff's complaint was timely. Conversely, if the statute of limitations applies to the date MSP created the notice, plaintiff's complaint was untimely.

Defendants moved for summary disposition. Defendants argued that Prins's lawsuit was untimely because Prins filed suit after the applicable period of limitations had expired. The circuit court held that the 180-day limitations period provided in MCL 15.240(1)(b) was triggered by the date the denial notice was created and had run before the filing of Prins's complaint. The court accordingly granted defendants' motion for summary disposition. On appeal, the Court of Appeals panel reversed. The Court of Appeals held that Prins's complaint was timely because it was filed within 180 days of when the notice of denial was postmarked. The Court of Appeals reasoned that MSP did not "deny" Prins's request until MSP mailed the denial on July 29, 2008. The Court of Appeals determined that a public body must "'send[] out' or officially circulate[] its denial of a public record request" in order to trigger the running of the period of limitations.[2] We granted MSP's application for leave to appeal.[3]

---

[1] MCR 1.108 provides in pertinent part:

> In computing a period of time prescribed or allowed by these rules, by court order, or by statute, the following rules apply:
>
> (1) The day of the act, event, or default after which the designated period of time begins to run is not included. The last day of the period is included, unless it is a . . . Sunday . . .; in that event the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day on which the court is closed pursuant to court order.

[2] *Prins v Michigan State Police*, 291 Mich App 586, 591 (2011).

[3] *Prins v Michigan State Police*, 489 Mich 979 (2011).

The fundamental purpose of statutory interpretation is to ascertain and give effect to the intent of the Legislature.[4] To achieve this end, a court should consider the plain meaning of a statute's words and their "placement and purpose in the statutory scheme."[5] The statute at issue here, MCL 15.240(1), provides in pertinent part:

> If a public body makes a final determination to deny all or a portion of a request, the requesting person may do 1 of the following at his or her option:
>
> * * *
>
> (b) Commence an action in the circuit court to compel the public body's disclosure of the public records within 180 days after a public body's final determination to deny a request.

MCL 15.240(1)(b) thus allows a person whose FOIA request has been denied to commence an action in circuit court within 180 days after a public body's "final determination" to deny a request.

The phrase "final determination" is used twice in MCL 15.235.[6] MCL 15.235(3) states that "[f]ailure to respond to a request pursuant to subsection (2) constitutes a public body's final determination to deny the request." MCL 15.235(4) states that "[a] written notice denying a request for a public record in whole or in part is a public body's final determination to deny the request or portion of that request." Thus, a public body's failure to respond in compliance with MCL 15.235(2) and a public body's written notice denying a request *both* constitute a public body's "final determination."

---

[4] *In re Certified Question*, 433 Mich 710, 722 (1989).

[5] *Sun Valley Foods Co v Ward*, 460 Mich 230, 237 (1999) (quotation marks and citation omitted).

[6] MCL 15.235 provides in pertinent part:

> (2) Unless otherwise agreed to in writing by the person making the request, a public body shall respond to a request for a public record within 5 business days after the public body receives the request . . . .
>
> (3) Failure to respond to a request pursuant to subsection (2) constitutes a public body's *final determination* to deny the request. In a circuit court action to compel a public body's disclosure of a public record under [MCL 15.240], the circuit court shall assess damages against the public body . . . .
>
> (4) A written notice denying a request for a public record in whole or in part is a public body's *final determination* to deny the request or portion of that request. (Emphasis added.)

In this case, MCL 15.235(3) is not applicable for purposes of determining what constituted MSP's final determination. MSP received Prins's request on July 22, 2008. MSP's written notice denying Prins's request was postmarked on July 29, 2008. Thus, MSP responded within five business days of receiving Prins's request. Since MSP complied with MCL 15.235(2), MCL 15.235(3) is not relevant for determining the date of MSP's final determination.

The "final determination" provision of MCL 15.235(4) is applicable to Prins's situation because MSP created a "written notice denying a request for a public record . . . ." The key question in this case is not whether there was a written notice, but when the 180-day period began. MCL 15.240(1) states that suit must be filed within 180 days of a public body's "final determination." MCL 15.235(4) states that "[a] written notice denying a request for a public record in whole or in part is a public body's final determination to deny the request or portion of that request." Read together, these provisions require a plaintiff to file suit within 180 days of the public body's written notice denying a request for a public record. The grammatical structure of MCL 15.235(4) suggests that a public body makes a final determination when it creates a written notice denying a request for a public record. The subject of the sentence in MCL 15.235(4) is the word "notice." The word "is" in MCL 15.235(4) is the verb, which indicates a state of being. By stating that a written notice *is* a public body's final determination and that a requester must commence suit within 180 days of a final determination, the Legislature intended to limit requesters to filing within 180 days of when the notice came into existence.[7]

The Court of Appeals improperly conflated the two ways in which a public body can make a final determination for purposes of MCL 15.240(1)(b). The Court of Appeals reasoned that the 180-day period is only triggered when the public body fulfills all of its statutory duties:

---

[7] This conclusion is limited to situations in which MCL 15.235(3) does not apply. When a public body creates a written notice denying a request for a public record in whole or in part but fails to issue such a notice "within 5 business days," there would effectively be two final determinations. The written notice would be a final determination under MCL 15.235(4) and the failure to respond "within 5 business days" would constitute a final determination under MCL 15.235(3). To comply with MCL 15.240(1)(b), the requestor would have to file within 180 days of the creation of the written notice *or* the failure to comply with MCL 15.235(2) because MCL 15.240(1)(b) only requires the requester to file suit "within 180 days after a public body's final determination to deny a request." However, this is not the situation presented because MSP responded within 5 business days of receiving Prins's request.

These definitions imply that a public body cannot fulfill its statutory obligation to issue a notice merely by creating a document denying a record request. Rather, the Legislature intended that the public body undertake an affirmative step reasonably calculated to bring the denial notice to the attention of the requesting party. Thus, a public body has not satisfied the statute's notice requirement until it "sends out" or officially circulates its denial of a public record request.[8]

I agree that a public body does not satisfy its statutory duties by merely creating a written notice denying a request for a public record. However, there is no textual support for the Court of Appeals' conclusion that a public body's "fulfill[ment of] its statutory obligation" starts the 180-day period.[9] MCL 15.240(1) does not state that a plaintiff must file her complaint within 180 days of the public body's fulfillment of its statutory obligations. MCL 15.240(1) states that a complaint must be filed within 180 days of the public body's "final determination." Thus, the period begins to run on the day that the notice is created or when the public body fails to respond in the manner prescribed by MCL 15.235(2).

The Court of Appeals tried to justify its interpretation of the statute by claiming that its "construction of the FOIA prevents a public body's inadvertent failure to timely mail a denial letter from unduly shortening the 180-day period of limitation."[10] The Court of Appeals apparently believed that if a public body created a notice and then delayed mailing the letter, potential plaintiffs would lose a significant part of the period in which they could file a suit against that public body. However, the Court of Appeals decision is grounded in an unsubstantiated fear that the appropriate interpretation of the statute will result in a significant burden to plaintiffs. In short, the Court of Appeals' interpretation is not necessary to prevent an undue shortening of the period *because MCL 15.235(3) already prevents such a result*.

MCL 15.235(2) requires a public body to respond to a FOIA request within five days of receiving the request. MCL 15.235(3) states that failure to respond to the FOIA request within five days constitutes the public body's "final determination." Under MCL 15.240(1), such a "final determination" triggers the plaintiff's cause of action and commences the 180-day period.[11] For all practical purposes, the statutory framework

---

[8] *Prins*, 291 Mich App at 591.

[9] *Id*.

[10] *Id*.

[11] MCL 15.235(3) also authorizes a circuit court to assess damages against the public body for a failure to comply with MCL 15.235(2).

allows, at most, only five days to be lost out of the *180 days* in which a plaintiff may file a complaint under the FOIA.

Examining the worst-case scenario demonstrates this point. Suppose a public body receives a FOIA request, creates a written notice on the same day, and then does not respond until the fifth business day after the notice was created. In this situation, the final determination was made on the day that the notice was created and the plaintiff loses the five days that the public body held onto the notice. While the plaintiff loses the first *five days* of the limitations period, the plaintiff still has nearly *six months* to file her complaint. Thus, the scheme created by MCL 15.235(2) and MCL 15.235(3) acts as a safeguard to prevent undue shortening of the limitations period without the Court of Appeals' unsupported construction.

In this case, MSP made its final determination when it created a written notice denying Prins's request. Such notice was created on July 26, 2008. Since Prins failed to file suit within 180 days of MSP's final determination, the circuit court properly granted summary disposition to defendants. Accordingly, the judgment of the Court of Appeals should be reversed and summary judgment in favor of defendants reinstated.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 25, 2012

*Corbin R. Davis*

Clerk

t0118