# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DEVIN ANTONIO CLEVELAND,

        Defendant-Appellant.

UNPUBLISHED
February 18, 2016

No. 324266
Wayne Circuit Court
LC No. 14-005018-FH

Before: GLEICHER, P.J., and JANSEN and SHAPIRO, JJ.

PER CURIAM.

Following a bench trial, the court convicted defendant of first-degree home invasion, MCL 750.110a(2), and unarmed robbery, MCL 750.530, for his cat burglar caper in a Detroit residence. Defendant challenged the sufficiency and weight of the evidence supporting his convictions, but both claims lack merit. We therefore affirm.

## I. BACKGROUND

On the evening of May 30, 2014, the Stewart family returned home to find their various household electronics piled near the front door. The family patriarch entered to investigate and discovered that someone had broken a bathroom window to enter the home. Mr. Stewart surprised defendant who was standing in a bedroom. Although the house was dark, Mr. Stewart observed defendant in the glow of a neighbor's flood light that shined through the window. Defendant jumped out of the bedroom window, dropping his cell phone in the process. Defendant's ownership of the phone was established because his photograph was the home screen image and because defendant later told Mrs. Stewart that it belonged to him. Mr. Stewart chased and apprehended defendant and restrained him until the police arrived. Defendant resisted, grabbing and "swing[ing]" at Mr. Stewart. Thereafter, the Stewarts reported that three televisions and a laptop computer were missing from the home.

## II. ANALYSIS

Defendant challenges both the weight and sufficiency of the evidence supporting his convictions. Defendant failed to preserve his challenge to the weight of the evidence by filing a motion for a new trial. *People v Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011). Accordingly, our review of that challenge is limited to plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). A verdict is

-1-

against the great weight of the evidence if the evidence preponderates so heavily against the verdict that allowing the verdict to stand would be a miscarriage of justice. *People v Cameron*, 291 Mich App 588, 617; 806 NW2d 371 (2011). We review de novo, however, defendant's challenge to the sufficiency of the evidence. In doing so, we view the evidence "in the light most favorable to the prosecution" to determine whether a rational trier of fact "could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Odom*, 276 Mich App 407, 418; 740 NW2d 557 (2007).

In his great weight challenge, defendant questions the accuracy of Mr. Stewart's identification of him as the perpetrator. He emphasizes that minimal light illuminated the burglar's face. Defendant further notes that the Stewarts reported that three large televisions and a laptop computer were stolen, but that he was found nearby on foot carrying no such items. As large items were taken and never recovered, the prosecution posited that defendant must have had an accomplice. Defendant contends that "it is unbelievable" that he would remain silent and not identify his accomplice if he had actually participated in the crime. Under his sufficiency challenge, defendant claims that his convictions are insupportable because there was no evidence that he actually stole anything from the home or that he was the individual who collected the items for transport in the living room. Defendant further notes a break in the chain of custody for the cell phone evidence.

Defendant was convicted of first-degree home invasion and unarmed robbery. First-degree home invasion is proscribed by MCL 750.110a(2), which provides:

> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:
>
> (a) The person is armed with a dangerous weapon.
>
> (b) Another person is lawfully present in the dwelling.

Unarmed robbery, in turn, is proscribed by MCL 750.530, which states:

> (1) A person who, in the course of committing a larceny of any money or other property that may be the subject of larceny, uses force or violence against any person who is present, or who assaults or puts the person in fear, is guilty of a felony. . . .
>
> (2) As used in this section, "in the course of committing a larceny" includes acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property.

-2-

Defendant's challenge to the identification testimony is unavailing. "Conflicting testimony, even when impeached to some extent, is an insufficient ground for granting a new trial." *People v Lemmon*, 456 Mich 625, 647; 576 NW2d 129, 139 (1998). Only where "testimony contradicts indisputable physical facts or laws" or "[w]here testimony is patently incredible or defies physical realities" or the testimony is "material and is so inherently implausible that it could not be believed by a reasonable juror" can the verdict be against the great weight of the evidence. *Id.* at 643-644. An identification is not patently incredible nor does it defy physical reality simply because the lighting was dim. The factfinder credited Mr. Stewart's identification of defendant and we may not interfere with that assessment. See *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008).

We further discern no ground to reverse or remand for a new trial based on the absence of actual evidence that defendant worked with an accomplice or personally toiled to relieve the Stewarts of three televisions and a laptop. Neither the home invasion nor the unarmed robbery statutes require a completed theft to convict. For home invasion, a defendant need only *intend* to commit a larceny or felony. To convict a defendant of unarmed robbery, it suffices that a defendant *attempt* to steal property, as long as he uses force or violence at some point during the act. The evidence supports that defendant entered the Stewarts' home with the intent to commit a larceny. Defendant unlawfully entered by breaking a window and someone, either defendant or an accomplice, pooled the items he intended to steal near the front door. Moreover, as he fled the scene after attempting to steal the amassed items, defendant used force and violence to try to escape Mr. Stewart's grasp. These acts satisfied the statutory elements of the convicted offenses.

Defendant also contends that the chain of custody for the cell phone found at the scene was broken. Without this cell phone, defendant argues, the prosecution could not prove beyond a reasonable doubt that he was the individual inside the Stewarts' home. At the outset, we note that defendant's identification could be established by Mr. Stewart's eyewitness account standing alone. See *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000).

Moreover, "the admission of real evidence does not require a perfect chain of custody," and "any deficiency in the chain of custody goes to the weight of the evidence rather than its admissibility once the proffered evidence is shown to a reasonable degree of certainty to be what its proponent claims." *People v White*, 208 Mich App 126, 130-131; 527 NW2d 34 (1994). Here, there was no real break in the chain. Mrs. Stewart collected the cell phone from the bedroom floor and brought it to where Mr. Stewart held defendant. The Stewarts gave the phone to the responding officers and those officers transferred the phone to the Detroit Detention Center, where defendant was being held, to place with defendant's confiscated property. Shortly thereafter, another officer travelled to the Center to collect the phone to take into evidence. Jail officials brought defendant from his cell to witness the transfer. Defendant made no claim at that time that the phone did not belong to him. The officer who collected the phone recalled that the Detention Center property envelope included a form identifying the officer who brought the phone in. However, he could not remember that officer's name.

The prosecution established with a reasonable degree of certainty that the phone placed into evidence was the phone collected at the scene. Any question of its authenticity went to weight, rather than admissibility. That phone included defendant's picture as the home screen image and defendant identified the phone as belonging to him when he was captured by the

-3-

Stewarts. And this method of identifying defendant as the perpetrator was cumulative to Mr. Stewart's eyewitness identification. Accordingly, defendant cannot establish that he is entitled to relief in this regard.

We affirm.


/s/ Elizabeth L. Gleicher
/s/ Kathleen Jansen
/s/ Douglas B. Shapiro